# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT NATHAN ALM, <br><br> Defendant. | Case No. 12CR0920-H <br><br> ORDER FINDING DEFENDANT NOT COMPETENT AND COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO TITLE 18 U.S.C. § 4241(d) |

On September 27, 2019, the Court signed an order issuing a bench warrant on allegations that Defendant Robert Nathan Alm ("Defendant") violated the terms on his supervised release. (Doc. No. 112.) The petition to revoke the Defendant's supervised release ("petition") includes allegations that the Defendant committed a crime while on supervision. (Id). Of serious concern to the Court is the allegation that the Defendant was "blocking traffic in the middle of the intersection, waiving a knife and screaming 'Where are all the pigs at! I want to stab them!'" (Id at 3.) On October 4, 2019, the Defendant was taken into custody pursuant to the Court's arrest warrant. On October 8, 2019, the Defendant appeared before the Honorable Linda Lopez, United States Magistrate Judge ("Magistrate Judge") for his initial appearance. (Doc. No. 117.) The

-1-

Magistrate Judge set a preliminary revocation hearing for October 22, 2019. (Id.)

Thereafter, the Magistrate Judge continued the preliminary revocation hearing multiple times at the request of defense counsel. (Doc. Nos. 118, 119, 120, 121). On December 19, 2019, the Defendant did not appear for his preliminary revocation hearing before the Magistrate Judge due to medical reasons. (Doc. No. 122.) On January 13, 2020, the Magistrate Judge ordered a competency examination pursuant to Title 18 U.S.C. §§ 4241 and 4247(d), and Local Criminal Rule 57.4.c.9, on the issue of Defendant's competency. (Doc. No. 126.) The Magistrate Judge, after holding multiple status hearings, was unable to complete the competency hearing due to the Defendant's hospitalization and Defendant's refusal to participate in the competency evaluation. (Doc. Nos. 127, 130, 132).

On February 21, 2020, the parties filed a joint motion to hold the petition in abeyance and to release the Defendant from federal custody. (Doc. No. 133.) On February 26, 2020, the Court held a hearing on the parties' joint motion. (Doc. No. 136.) On the same date, the Court granted the parties' joint motion to hold the petition in abeyance and release the Defendant from federal custody in order to facilitate a conservatorship by state authorities. (Doc. No. 137.) On the same date, the Court was notified that the Defendant, due to circumstances at that time, was not referred for state conservatorship. (Doc. No. 138.) Accordingly, the Court vacated its prior order holding the petition in abeyance and ordered the Defendant to remain in federal custody. (Id). The Court directed the parties to meet and confer on recommendations to be given to the Court concerning this matter. (Doc. No. 140.)

Since the Defendant's arrest on the petition, the Defendant has been hospitalized while in custody four times on the follow dates: October 28, 2019 to November 15, 2019, December 11, 2019 to January 22, 2020, February 5, 2020 to February 13, 2020, and February 21, 2020 to February 26, 2020. (Sealed Doc. No. 143.)

On March 2, 2020, the Court received an extensive status report from Dr. Alicia Gilbert, the Forensic and Clinical Psychologist at the Metropolitan Correctional Center

("MCC")[1], informing the Court that she was unable to conduct the evaluation ordered by the Magistrate Judge due to the Defendant's hospitalizations and refusal to participate in the evaluation. (Sealed Doc. No. 148.) Dr. Gilbert indicated in her report that the Defendant has called staff psychologists a variety of names including "pervert, criminal, 'stupid bitch,' immigrant, 'fucking moron,' and a 'sexually creepy woman'" and also "exposed his penis to a female staff after he referred to her as a sexual predator." (Id.) Additionally, Dr. Gilbert reported that the Defendant "claimed that 'anyone keeping him in the BOP was eligible for the death penalty according to the Speedy Trial Act.'" (Id.) Although Dr. Gilbert has been unable to conduct an evaluation, Dr. Gilbert noted that the Defendant "appear[ed] delusional, paranoid, hostile, and possibly psychotic" and further recommended that the Defendant be transferred to a Federal Medical Center in light of the Defendant's mental health history since his arrival at the MCC. (Id.)

On March 5, 2020, the Court held a status hearing regarding the Defendant's competency to proceed with the revocation of supervised release proceedings. (Doc. No. 147.) Zainab Khan and Elizabeth Barros of Federal Defenders of San Diego, Inc. appeared on behalf on the Defendant. Assistant United States Attorney Francis Anthony DiGiacco appeared on behalf of the United States. United States Probation Officer Robert Carreon appeared on behalf of the United States Probation Office. Also present at the hearing were Theresa T. Talplacido, Senior Counsel for the MCC and the Defendant's parents. The Defendant declined to attend the hearing. Before continuing with the hearing, the Court ordered defense counsel to attempt to meet with the Defendant with the assistance of MCC's counsel and with the participation of the Defendant's parents via telephone, and issued an order permitting the Defendant to participate in the hearing telephonically. (Doc. No. 146.) Despite attempts to convince the Defendant to participate in the hearing, the Defendant declined to appear in court

---

[1] For good cause and compelling reasons, the Court ordered the status report from Dr. Gilbert be filed under seal.

and declined to appear by telephone. (Doc. No. 147.) The Court, on the recommendation of defense counsel and the Defendant's parents, contacted Defendant's prior appointed counsel, attorney Janice Deaton, to see if she could assist in communicating with the Defendant. Ms. Deaton indicated to the Court that she is not available to assist in this case due to her present assignment outside the United States.

On March 10, 2020, the Court held another status hearing to determine the appropriate next course of action. (Doc. No. 149.) The Defendant again refused to appear in court to participate in the proceedings. (Id.) All counsel and participants from the March 5, 2020 hearing, including the Defendant's parents, were present at the March 10, 2020 hearing. Additionally, Supervisory Probation Officer Julia Jauregui was also present at the hearing. The Court took testimony from Dr. Gilbert concerning the Defendant's competency and ordered Dr. Gilbert's report be marked and received as Court Exhibit 1 under seal.[2] (Id.) Dr. Gilbert confirmed her findings in her status report. (Sealed Doc. No. 148.) Furthermore, Dr. Gilbert testified that the Defendant is hoarding trash and food to keep as evidence. Defense counsel elicited testimony that the Defendant had previously been restored to competency at a different hospital when prescribed long acting medication. Dr. Gilbert again confirmed her recommendation that the Defendant be sent to a Federal Medical Center. The Court continued the hearing to allow Federal Defenders to assign this case to their Chief Trial Attorney to see if he could assist with the Defendant's compliance to either come to court or appear by telephone. (Doc. No. 150.)

On March 11, 2020, the Court again convened another status hearing. (Doc. No. 153.) The Defendant again refused to appear in court or appear by telephone. (Id.) Deke Falls, Chief Trial Attorney of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant. Assistant United States Attorney Francis Anthony DiGiacco appeared on behalf of the United States. United States Probation Officer Robert Carreon appeared on behalf of the United States Probation Office. Also present at the hearing were

---

[2] Court Exhibit 1 is Dr. Gilbert's status report filed under seal as Sealed Doc. No. 148.

Theresa T. Talplacido, Senior Counsel for the MCC and the Defendant's parents.

As an initial matter, the Court notes that "[d]ue process requires that a defendant have the mental competence to participate in supervised release revocation proceedings against him." United States v. Dotson, No. 06-CR-30035-MJR, 2008 WL 161470, at *2 (S.D. Ill. Jan. 17, 2008) (Reagan, J.); See also United States v. McCall, No. 12-3684, 2012 WL 10939207 (6th Cir. Nov. 28, 2012) (unpublished) (Affirming the district court's order committing the defendant for treatment under 18 U.S.C. § 4241(d) based on the district court's determination that the defendant was incompetent to participate in proceedings concerning the revocation of his supervised release.).

After hearing from all parties and participants at the hearing, including Dr. Gilbert, and considering the current record before the Court, the Court finds by a preponderance of the evidence, pursuant to Title 18 U.S.C. § 4241(d), that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, pursuant to Title 18 U.S.C. § 4241(d), IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General for treatment in a suitable facility for a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future that he will attain the capacity to permit proceedings to forward in this case, and for an additional period of time if the Court finds that there is a substantial probability that within such additional period of time the Defendant will attain the capacity to permit the proceedings to go forward or the pending charges against him are disposed of according to law, whichever is earlier.

IT IS FURTHER ORDERED that a psychiatric or psychological report be prepared by a qualified examiner designated to conduct the psychiatric or psychological examination within two (2) weeks of the completion of treatment, and include:

(1) The Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis, prognosis, and whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

(5) Whether the Defendant has voluntarily taken medication and, if so, the identity and dosage of such medication that will maintain the Defendant's competency; and

(6) Whether the Defendant presents a danger to himself or the community.

If the Defendant has not been restored to competency, the report is to contain a medical recommendation on future treatment or other disposition in accordance with the law.

IT IS FURTHER ORDERED that any medication order must comply with the law.

IT IS FURTHER ORDERED that the psychiatric or psychological report by the examiner be sent to the undersigned District Judge no later than August 3, 2020, with copies to United States Attorney Robert S. Brewer, Jr., attention Assistant United States Attorney Francis Anthony DiGiacco, 880 Front Street, Room 6293, San Diego, CA 92101, and to defense counsel Deke Falls, Chief Trial Attorney of Federal Defenders of San Diego, Inc., 225 Broadway, Suite 900, San Diego, CA 92101.

IT IS FURTHER ORDERED that any request from the director of the facility for additional time to complete the examiner's determination and report is to be made directly to this Court.

IT IS FURTHER ORDERED that:

(1) The Defendant must be transferred to a suitable facility as soon as is reasonably possible;

(2) The period of commitment will expire four months from the date the Defendant arrives at the treating facility;

(3) The Defendant be transferred back to the Southern District of California by August 3, 2020, unless the Defendant is not found to be restorable to competence; and

(4) In the event that the Defendant is not found to be restorable to competence at the end of the treatment period, IT IS ORDERED THAT:

(a) Defendant is to be kept at the treating facility for evaluation under Title 18 U.S.C. § 4246;

(b) The director of the facility is to transmit the certificate as to dangerousness to the Clerk of Court for the district in which the Defendant is confined, with a copy of said certificate to be sent to the Clerk of Court for the Southern District of California in accordance with Title 18 U.S § 4246(a); and

(c) The Attorney General is to proceed as appropriate in the district where the Defendant is housed at that time in this case. <u>United States v. Lapi</u>, 458 F.3d 555, 562 (7th Cir. 2006) (Holding that the appropriate district court to conduct the dangerousness hearing under 18 U.S.C. § 4246 is the court in the district where the person is confined while in the custody of the Attorney General.) <u>United States v. Baker</u>, 807 F.2d 1315, 1324 (6th Cir. 1986) ("[A] section 4246 hearing must be held in, the district in which the individual is confined, not the district in which he had initially been charged with an offense."); <u>see also</u> <u>United States v. Godinez-Ortiz</u>, 563 F.3d 1022, 1032 (9th Cir. 2009) (Holding that district court in the Southern District of California correctly acted within its authority in ordering the return of the defendant to the North Carolina medical facility for that facility to evaluate the defendant's dangerousness and decide whether to issue certificate of dangerousness pursuant to § 4246.)

IT IS FURTHER ORDERED pursuant to Title 18 U.S.C. § 4241(e), when the director of the facility in which the Defendant is hospitalized determines that the Defendant has recovered from the mental disease or defect to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director is to promptly file a certificate to that effect with the Clerk of the United States District Court for the Southern District of California.

IT IS FURTHER ORDERED that upon the Defendant's return to the Southern District of California, the director of the facility is to submit a written list of all prescription medications, if any, including all psychotropic drugs and their dosages administered to the Defendant during his hospitalization and psychiatric treatment, and a copy of the Defendant's chronological prescription drug history at the treatment facility, to the MCC, or other detention facility housing the Defendant, on or before the Defendant's physical return to the Southern District of California for further court proceedings.

IT IS FURTHER ORDERED that the Defendant is to remain detained until further order of this Court.

The Court sets a status hearing for August 10, 2020 at 2:00 p.m. before this Court. Counsel may request this hearing be advanced to an earlier date as deemed appropriate. Should the Defendant elect to take his prescribed medication and should he be deemed competent to proceed in this case prior to his transfer to a Federal Medical Center, counsel may request that the Court hold a further status hearing to determine whether the Court should vacate this order. See Maxwell v. Roe, 606 F.3d 561, 575 (9th Cir. 2010) ("[W]e have repeatedly acknowledged that a defendant's competency can change within a short period of time."). Accordingly, the Court also sets a status hearing for April 13, 2020 at 2:00 p.m. Counsel may also request that this hearing be advanced to an earlier date should the Defendant's competency change prior to his transfer to a Federal Medical Center.

Pending the Defendant's transfer to a Federal Medical Center, the MCC is to

hospitalize the Defendant if the Defendant's mental competency deteriorates and on the recommendation of the medical professionals. The Clerk is directed to send a copy of this Order to the United States Marshals Service and to Theresa T. Talplacido, Senior Counsel for the MCC.

IT IS SO ORDERED.

DATED: March 11, 2020

*/s/ Marilyn L. Huff*
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

Copies to:  Honorable Linda Lopez
United States Magistrate Judge

Julia Jauregui
Supervisory United States Probation Officer

Robert Carreon
Senior United States Probation Officer

Francis Anthony DiGiacco
Assistant United States Attorney

Deke Falls, Federal Defenders of San Diego, Inc.
Chief Trial Attorney, Attorney for Defendant

Elizabeth Barros, Federal Defenders of San Diego, Inc.
Supervisory Trial Attorney, Attorney for Defendant

Zainab Khan, Federal Defenders of San Diego, Inc.
Trial Attorney, Attorney for Defendant

Theresa T. Talplacido
Senior Counsel for the BOP, MCC San Diego

United States Marshals Service